### LEICHMAN *v.* JUGHARDT.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   Where plaintiff, in an action on a contract of employment, testifies that she was employed for a definite time, and is corroborated by another witness, a finding of the jury that she was so employed will not be disturbed because of testimony of defendant and his book-keeper that the employment was to last only so long as the work done was satisfactory, and there was work to do.

2. SAME—ERRORS CURED.
   Where evidence offered is excluded, but afterwards admitted, no error can be assigned because of such exclusion.

Appeal from circuit court, Kings county.

Action by Annie Leichman against William A. Jughardt. Judgment was given for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles J. Kurth,* for appellant.   *Baldwin F. Strauss,* for respondent.

BARNARD, P. J. The plaintiff claimed that she had been hired for one year as a shirt-ironer, at a compensation of $12.50 per week, by the defendant. That after performing the duties of the employment from the 17th of October, 1887, to January 28, 1888, she was discharged without legal cause. The action was brought very soon after the discharge, but the case was not tried until the remaining portion of the year was ended. The trial developed what had been earned by the plaintiff up to the date of the trial, and a balance of $209.18 due plaintiff on the entire contract was proven. Upon the question of the employment for a year, the parties differed. The plaintiff and her daughter both testified to a contract for a year. The defendant and his book-keeper testified that the employment was only so long as the work done was satisfactory, and there was work to do. There was also proof offered by defendant that it was customary in all laundries to employ ironers by the piece. The jury found in favor of the making of the entire contract, and the finding is conclusive unless some error was committed upon the trial. None is assigned except the ruling on the evidence offered as to the custom in the employment of ironers. The court rejected such proof by overruling a question put to the defendant, but afterwards, and while the defendant was under examination, modified the ruling, and permitted the question, and it was answered. The judgment should therefore be affirmed, with costs.